IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN SATTERLEE,

        Plaintiff,

v.                               CIV 12-0019 KBM/WPL

ALBERTSONS, LLC,
CINTAS CORPORATION, and
JOHN DOE,

        Defendants.

# MEMORANDUM OPINION & ORDER
## AND
## RECOMMENDATION TO REMAND

THIS MATTER is before the Court on Plaintiff's motion to amend her complaint to add a nondiverse defendant and to remand the matter to state court. *See Doc. 28.* Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the three parties who are presently participating in the suit have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 6, 14, 15.* For the reasons below, I grant the amendment and transfer the proceedings to a District Judge with the recommendation that the matter be remanded to New Mexico's First Judicial District Court.

## I.   BACKGROUND

Plaintiff commenced this action in state court, seeking compensatory damages after she tripped and fell on a floor mat in an Albertsons grocery store. Plaintiff is a resident of New

Mexico.  She named Albertsons and the company that supplied the floor mats, which are incorporated and have their principal places of business in Ohio and Idaho, respectively.  She also named as a John Doe defendant the manager of the store, noting that she would amend and substitute his name and capacity once she ascertained it.

Before that happened, the corporations removed the action to this Court based on diversity jurisdiction.  *See Docs. 1, 1-2.*  Having now discovered that Donald Gee is the manager, Plaintiff seeks leave to substitute him.  *See Doc. 28-2.*  She also asks for a remand to state court since he is a resident of New Mexico.  *See Doc. 28.*  The substantive allegations of her tendered amended complaint remain the same as those she filed in state court.  That is, Gee and Albertsons were negligent in creating a dangerous condition and not properly training or supervising other employees, and Cintas was negligent in supplying a defective mat.  *See Docs. 1-2, 28-1.*

## II.    LEGAL STANDARD

Federal courts possess original subject-matter jurisdiction over cases where the parties are diverse in citizenship and the amount in controversy is greater than $75,000.00.  *See* 28 U.S.C. § 1332(a).  Diversity must be complete; in other words, if the plaintiff is a citizen of New Mexico, none of the defendants can be citizens of New Mexico.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n.3 (1996).  Where, as here, a party claims that a non-diverse defendant has been joined merely to defeat federal jurisdiction, the Court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).  The Court's task is to "decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-

diverse defendant." *Nerad v. AstraZeneca Pharm., Inc.*, 203 Fed. Appx. 911, 913 (10th Cir. 2006) (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000)). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.*

"The law places a heavy burden on the party asserting fraudulent joinder." *Montano v. Allstate Indem. Co.*, 211 F.3d 1278 (Table), 2000 WL 525592 at *1 (10th Cir. 2000) (unpublished opinion). Clear and convincing evidence of fraudulent joinder is required, and all disputed questions of fact and ambiguities in the controlling law must be resolved in favor of the non-moving party. *See id.* (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).

## III.   ANALYSIS

Defendants oppose the Motion *(Doc. 28)* on the ground that Plaintiff is attempting to fraudulently join Gee in order to destroy diversity. Collectively, the corporations argue that Gee is not a necessary party because under the doctrine of respondeat superior Albertsons is responsible to Plaintiff for his alleged wrongful conduct as manager, and that Plaintiff makes no allegation he acted outside the scope of his employment. *See Doc. 29, 30.*

Indeed, an employer is liable under New Mexico law for the negligence of its employee so long as the employee is acting within the scope of his employment. *See* UJI 13-402 NMRA 2012. But the relevant question is not whether the employer is ultimately responsible for paying damages resulting from the employee's negligence. Rather, the appropriate question for purposes of remand is whether the employee could be subject to liability, even if his employer is responsible for payment of damages awarded against him.

> [M]erely being an officer or agent of a corporation does not render
> one personally liable for a tortious act of the corporation. Specific

> direction or sanction of, or active participation or cooperation in, a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party is necessary to generate individual liability in damages of an officer or agent of a corporation for the tort of the corporation.

*Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 409 (10th Cir. 1958). Along these lines, the Honorable District Court Judge LeRoy Hansen of this District, recently recognized that under New Mexico law, "an agent's liability is limited by the extent to which it exerts actual control over a premises." *Bejarano v. Autozone*, Case No. 12-CV-0598 LH/WPL, Memorandum Opinion and Order, slip op. at 7 (D.N.M. July 24, 2012) (citing *Klopp v. Wackenhut Corp.*, 113 N.M. 153, 161 (1992)). By the same token, "an agent or employee is relieved of liability for harm caused by dangerous conditions which he did not have the authority to alter." *Id.* at 9 (citing *Klopp*, 113 N.M. at 161).

Judge Hansen denied the plaintiffs' Motion to Remand in *Bejarano*, noting that the allegations against the non-diverse store manager, which related to the alleged negligent design of the parking lot, were outside of the manager's authority, which was limited to "reporting and having repaired any damage to objects in the parking lot." *Id.* Because the non-diverse manager exercised no control over the lot where the plaintiff was injured, Judge Hansen found that he could not face liability for any negligence in connection with the parking lot. *See id.* at 11. Accordingly, the Court found that the joinder of the non-diverse store manager was fraudulent and denied the plaintiff's Motion to Remand. *See id.*

In a case more similar to the case at bar, the Honorable District Court Judge Robert Brack of this District declined to find fraudulent joinder and remanded an action involving a slip and fall at a Wal-Mart store. *See Austin v. Wal-Mart Stores, Inc.*, No. CIV 06-0492 RB/RHS,

Memorandum Opinion and Order, slip op. at 4-5 (D.N.M. August 10, 2006).  In *Austin*, the plaintiff joined two non-diverse employees of Wal-Mart – the store manager and a management employee who was present at the scene shortly after the plaintiff's fall.  *See id.* at 1-2.  The plaintiff's only factual allegation against the non-diverse managers identified them as managerial employees; there were no allegations that either manager was involved in the plaintiff's fall.  *See Austin v. Wal-Mart Stores, Inc.*, CIV 06-0492 RB/RHS, Response in Opposition to Plaintiff's Motion and Memorandum Brief to Remand at 2 (D.N.M. July 14, 2006).  However, the plaintiff argued that it could be inferred that the managerial employees were responsible for keeping the store clean and free of hazard.  *See Austin v. Wal-Mart Stores, Inc.*, CIV 06-0492 RB/RHS, Reply to Defendant's Response in Opposition at 2 (D.N.M. July 25, 2006).  Judge Brack agreed with the plaintiff, finding that the plaintiff had potentially viable claims against the non-diverse store managers.  *See Austin v. Wal-Mart Stores, Inc.*, No. CIV 06-0492 RB/RHS, Memorandum Opinion and Order, slip op. at 4-5 (D.N.M. August 10, 2006).

Similarly, the Honorable District Court Judge James O. Browning of this District held that a non-diverse administrator of the defendant nursing home was not fraudulently joined where the evidence showed that the administrator was responsible for ensuring the facility complied with state and federal regulations and ensuring that the appropriate systems, policies, and procedures were in place as well as making sure that the residents at the facility received appropriate care.  *Archuleta v. Taos Living Center, LLC*, 791 F.Supp.2d 1066, 1080 (D.N.M. 2011).  Although Judge Browning did not cite *Lobato v. Pay Less Drug Stores*, 261 F.2d 406 (10th Cir. 1958), his ruling is consistent with its requirement that the non-diverse manager exhibit some control over the circumstances that led to the plaintiff's alleged injuries.  In *Archuleta*, the

duties owed by the non-diverse nursing home administrator demonstrated he had the requisite control over the circumstances that led to the plaintiff's alleged injuries, including wrongful death. *See id.*

In the present case, there is even more evidence of the non-diverse Defendant Gee's control over the premises than in *Austin* or *Archuleta*. In fact, it is Defendants who present the Court with multiple documents demonstrating that Albertsons' store managers are responsible for maintaining safety within the store while they are on duty. *See Docs. 29-1, 29-2, 29-3, 29-4, 29-5.* The Court simply cannot find that Plaintiff presents no possibly viable claim against Defendant Gee.

### IV.    CONCLUSION

With leave to amend to be granted freely, and no basis to find amendment futile, the Court grants Plaintiff's motion and will allow substitution Donald Gee for John Doe. *See, e.g., Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 521 F.3d 1278, 1288 (10th Cir. 2008) (leave to amend freely granted unless futile); *Franke v. ARUP Labs., Inc.,* 390 F. Appx 822, 828 (10th Cir. 2010) (a motion to amend was a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)(a)). Since it is undisputed that his presence destroys diversity, the only basis for jurisdiction in this Court, the matter should be remanded.

The Tenth Circuit holds motions to remand are dispositive under 28 U.S.C. § 636. *See First Union Mortg. Corp. v. Smith,* 229 F.3d 992, 996 (10th Cir. 2000) (a remand order is a final decision or dispositive action that must ultimately be made by the district court to survive Article III scrutiny). Thus, I have no authority to remand without waiting to see if Gee consents once he

is served.  To expedite matters, this Court will request the Clerk to transfer this matter to a

District Judge with this recommendation that he or she remand this matter.   If the parties have

no objections to this recommendation, then the Court requests that the supply the District Judge

with an agreed order of remand as soon as the matter is reassigned.

Wherefore,

**IT IS HEREBY ORDERED** that**,** insofar as Plaintiff seeks to amend, her motion *(Doc.*

*28)* is GRANTED and the Clerk substitute Donald Gee for John Doe.

**IT IS HEREBY RECOMMENDED** that**,** insofar as Plaintiff seeks remand, the Court

recommends that the motion *(Doc. 28)* be granted as there is no dispute that substitution of Gee

destroys diversity.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of
these Proposed Findings and Recommended Disposition they may file written objections with
the Clerk of the District Court pursuant to 28 U.S.C. ' 636(b)(1).  **A party must file any
objections with the Clerk of the District Court within the fourteen-day period if that
party wants to have appellate review of the proposed findings and recommended
disposition.  If no objections are filed, no appellate review will be allowed.**

**IT IS FURTHER ORDERED** that the Clerk reassign this matter to a District Judge.

_____

UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by consent.