## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KAREN SATTERLEE,

     Plaintiff,

vs.                                                                      CIV 12-0019 JB/KBM

ALBERTSONS, LLC,
CINTAS CORPORATION,
and DONALD GEE,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Cintas Corporation's Objection to the Proposed Findings and Disposition in Memorandum Opinion Granting Plaintiff Leave to Amend Complaint, filed November 1, 2012, (Doc. 50)("Cintas Objection"). The parties completed their briefing on November 21, 2012. See Notice of Completion of Briefing, filed November 21, 2012 (Doc. 54). Defendant Albertsons, LLC has joined in Cintas' objections. See Defendant Albertsons LLC's Joinder in Defendant Cintas Corporation's Objection to the Proposed Findings and Disposition in Memorandum Opinion Granting Plaintiff Leave to Amend Complaint, filed November 5, 2012 (Doc. 51). As Plaintiff Karen Satterlee argues, the Court, through the Honorable Karen B. Molzen, Chief United States Magistrate Judge, then-presiding with the parties' consent, issued its ruling permitting the requested amendment at the time, and she had the authority to make that ruling. Because of the unusual procedural posture of this case now reassigned to the District Court, the Court will address the arguments which Chief Judge Molzen could have heard in a motion to reconsider her ruling had she remained the presiding

judge.  Agreeing with Chief Judge Molzen's rationale on the motion to permit amendment, the Court will overrule the objections and remand for lack of diversity jurisdiction.

## PROCEDURAL BACKGROUND

Satterlee in this slip-and-fall case initially brought her claims in state court, naming Defendants Albertsons, LLC, Cintas Corporation, and John Doe.  See Complaint to Recover Damages for Personal Injuries at 1, filed in the First Judicial District Court, County of Santa Fe, State of New Mexico November 29, 2011, filed in Federal District Court for the District of New Mexico January 6, 2012 (Doc. 1-2)("Complaint").  The Defendants removed the action to this Court on the basis of diversity jurisdiction.  See Notice of Removal of Action Under 28 U.S.C. § 1332 and 1441 [sic] by Defendant Cintas Corporation ¶¶ 6-17, at 2-3, filed January 6, 2012 (Doc. 1)("Removal Notice").  Shortly thereafter, Satterlee sought to amend her complaint to replace the John Doe Defendant with Donald Gee, the store manager of the Albertsons grocery store where the fall occurred.  Because Gee is a New Mexico resident who would destroy diversity, Satterlee sought remand.  See Plaintiff's Motion for Leave to File Amended Complaint Joining a Party Defendant and to Remand at 1, filed August 31, 2012 (Doc. 28)("Motion to Amend/Remand").

The Defendants opposed the Motion to Amend/Remand, arguing that Gee was fraudulently joined.  See Response in Opposition to Motion for Leave to File Amended Complaint Joining a Party Defendant and to Remand at 1, filed September 12, 2012 (Doc. 29)("Cintas Opposition"); Albertsons's Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint Joining a Party Defendant and to Remand at 4, filed September 14, 2012 (Doc. 30)("Albertsons Opposition").  Pursuant to 28 U.S.C. § 636(c) and rule 73(b) of the Federal Rules of Civil Procedure, Defendant Albertsons, LLC, Defendant Cintas Corporation,

and Satterlee -- all three of the parties who were participating in the suit at the time -- had consented to have Chief Judge Molzen serve as the presiding judge and enter final judgment. See Notice of Rule 73 Consent, filed July 3, 2012 (Doc. 16)(citing Docs. 6, 14, and 15, which were removed from the docket before reassignment to the District Court).  After considering the parties' arguments and the relevant authorities, Chief Judge Molzen rejected the fraudulent joinder arguments, and granted Satterlee's motion to amend and substitute Donald Gee for Defendant John Doe.  See Memorandum Opinion & Order and Recommendation to Remand at 1, filed October 22, 2012 (Doc. 41)("MOO").

Given the addition of Gee as a party, and because he had not yet had the opportunity to consent to her serving as presiding judge, Chief Judge Molzen found that she had "no authority to remand without waiting to see if Gee consents once he is served."  MOO at 6-7 (noting that motions to remand are considered dispositive under 28 U.S.C. § 636).  Chief Judge Molzen therefore requested the Clerk to transfer the matter to a District Judge with her recommendation to remand the matter.  See MOO at 7.  The matter was ultimately reassigned to the District Court.

Chief Judge Molzen's MOO granted Satterlee's Motion to Amend/Remand, as was within her authority at that time.  The Defendants contend that its objections to Chief Judge Molzen's order "still falls within the jurisdiction of the District Court under the Federal Magistrate Act."  Reply in Support of Defendant Cintas' Objection to the Proposed Findings and Disposition in Memorandum Opinion Granting Plaintiff Leave to Amend Complaint at 2, filed November 21, 2012 (Doc. 53)("Cintas Reply")(citing United States v. First Nat'l Bank of Rush Springs, 576 F.2d 852 (10th Cir. 1978)).  In United States v. First Nat'l Bank of Rush Springs, the United States Court of Appeals for the Tenth Circuit stated that "district court judges were

intended to retain ultimate decision-making power and continuing jurisdiction over the actions of magistrates." 576 F.2d at 853. That case did not address, however, the issue of a magistrate judge's authority in a civil case to preside when the parties consent and the local rules of the district court so provide.

> Notwithstanding any provision of law to the contrary -- **(1)** Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1). The doctrine of law of the case provides that, "when a court rules on an issue of law, the ruling 'should continue to govern the same issues in subsequent stages in the same case.'" United States v. Graham, No. CIV 12-0831, 2013 WL 150253 at *3 (10th Cir., Jan. 15, 2013)(quoting Arizona v. California, 460 U.S. 605, 618 (1983)). Nevertheless, the Court will address the objections in the context of a motion for reconsideration as the now-presiding judge.

As to the issue of remand, the Court will address the objections *de novo*, as Chief Judge Molzen's findings on that issue were merely recommended. See Fed. R. Civ. P. 72(b)(3). The parties were permitted to object to the remand within fourteen days, pursuant to 28 U.S.C. § 636(b)(1).

## STANDARD OF REVIEW

"A motion for reconsideration is appropriate when the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of Paraclete v. Does, 204 F.3d at 1012. "Grounds that warrant a motion to reconsider include: (1) an intervening change in the

controlling law; (2) new evidence that was previously unavailable; and (3) the need to correct

clear error or prevent manifest injustice."  <u>Servants of Paraclete v. Does</u>, 204 F.3d at 1012.

## <u>ANALYSIS</u>

Cintas Corporation argues that Chief Judge Molzen's decision "focuses on the amount of

control exercised by the store manager over the premises," whereas "the correct inquiry should

be whether or not Plaintiff's pleadings are sufficient to establish an individual claim against

Donald Gee and whether or not he owed an individual duty to Plaintiff."  Cintas Objection at 1.

In response, Satterlee contends that Cintas Objection is improper in that: (i) the parties' right to

file objections was limited to the remand order alone and never permitted as to the Court's ruling

on amendment; and (ii) Cintas' Objection, in any event, fails to identify any basis under <u>Servants</u>

<u>of Paraclete</u> for reconsidering Chief Judge Molzen's ruling on amendment.  <u>See</u> Plaintiff's

Response to Defendant Cintas's Objection to the Proposed Findings and Disposition in

Memorandum Opinion Granting Plaintiff Leave to Amend Complaint at 3-4, filed November 12,

2012 (Doc. 52).

Chief Judge Molzen explained quite clearly that it was only her authority to remand the

case that was potentially lacking.  <u>See</u> MOO at 6-7 (noting that an order to remand is dispositive

and that Chief Judge Molzen would have to wait to see if Gee consented to her as presiding

judge before issuing such an order).  Chief Judge Molzen's decision to request a transfer of this

matter to a District Judge was, as she noted, "[t]o expedite matters."  <u>See</u> MOO at 7.

Cintas Corporation maintains that its Objection provides a proper basis for

reconsideration, and, under the unique procedural posture here presented, bases its argument

upon the premise that Chief Judge Molzen "misapprehended Defendant Cintas's position and the

controlling law."  <u>See</u> Cintas Reply at 2.  The Court has, however, carefully reviewed Cintas

Corporations' arguments, and Cintas Corporation largely restates the same arguments it made in opposition to Satterlee's Motion to Amend/Remand.  Initially, Cintas Corporation admits it previously argued that the allegations against Gee were insufficient to support a finding of "individual duty" that Gee owed to Satterlee.  See Cintas Reply at 2.  Although Cintas Corporation seeks to distinguish this notion of individual duty from Gee's control of the premises, on which Cintas Corporation asserts the Chief Judge Molzen improperly focused, the Court finds no such distinction under the law.

"New Mexico case law demonstrates that corporate officers, directors, and individuals can be held liable if those individuals participate in the commencement of tortious acts."  Brophy v. Ament, No. CIV 07-0751 JB/KBM, 2008 WL 4821610 at *7 (D.N.M. July 9, 2008) (Browning, J.)(citing Lobato v. Pay Less Drug Stores, Inc., 261 F.2d 406 (10th Cir. 1958); Bogle v. Summit Inv. Co., LLC, 107 P.3d 520, 528 (N.M. Ct. App. 2005); Kaveny v. MDA Enters., Inc., 120 P.3d 854, 858 (N.M. Ct. App. 2005); Stinson v. Berry, 1997-NMCA-076, 943 P.2d 129; Kreischer v. Armijo, 884 P.2d 827, 829 (N.M. Ct. App. 1994)).

In her ruling, the Chief Judge Molzen found that Albertsons' store managers, including Gee "are responsible for maintaining safety within the store."  See MOO at 6.  This is another way of saying Gee owed Albertsons' customers, including Satterlee, an "individual duty" of care.  Chief Judge Molzen's mention of control of the premises was limited to her discussion of another case, Bejarano v. Autozone, in which a defendant employee's individual duty was limited by the fact that the incident in question happened outside of the premises or outside of the area of his control.  See No. 12-CV-0598 LH/WPL, Memorandum Opinion and Order at 7, filed July 24, 2012 (Doc. 18)(Hansen, J.)(citing Klopp v. Wackenhut Corp., 113 N.M. 153, 161, 824 P.2d 293, 301 (1992)).  In the present case, there is no question that the injury-causing

incident happened within the location where Gee indisputably owed an "individual duty" of care. The Court's previous opinion is consistent with New Mexico law, and Cintas Corporation has not offered the Court any sound reason to reconsider it.

Cintas Corporation also seeks reconsideration of Judge Molzen's MOO on the grounds that the prior opinion erroneously failed to recognize that New Mexico law provides that employees who are acting within the course and scope of their employment cannot be held individually liable.  See Cintas Reply at 9 (citing Bourgeous v. Horizon Healthcare Corp., 117 N.M. 434, 437, 872 P.2d 852, 855 (1994)).  It is Cintas Corporation, however, and not Chief Judge Molzen, who misapprehends New Mexico law.

> It is a basic tenet of corporate law that a corporation is a legal entity, separate from its shareholders, directors, and officers.  Thus, the shareholders, directors, and officers are not personally liable for the acts and obligations of the corporation.   Corporate directors cannot be held vicariously liable for the corporations torts merely by virtue of the office they hold.  *However, if an officer or director actively participates in the commission of the tortious act of the corporation, he will be liable, along with the corporation.*  Thus, if the officer or director directed, controlled, approved or ratified the activity that led to the injury, he or she can be held personally liable.

Brophy v. Ament, 2008 WL 4821610 at *7 (quoting Stinson v. Berry, 943 P.2d at 133 (internal citations omitted)(emphasis added)).

Even if Cintas Corporation remains persuaded that its view of New Mexico law is more accurate than Judge Molzen's, it has not provided the Court with sufficient grounds to merit reconsideration of Judge Molzen's MOO.  Cintas Corporation has not shown any intervening change in the controlling law, new evidence that was previously unavailable, or the need to correct clear error.  See Servants of Paraclete v. Does, 204 F.3d at 1012.  Even if Satterlee, Chief Judge Molzen, and the Court are wrong on the law, Cintas Corporation's burden is higher than just being right.  To establish fraudulent joinder, Cintas Corporation has the burden of proving

that there is no possibility Satterlee could establish a cause of action against Gee. A party asserting fraudulent joinder bears the burden of proof. See Zufelt v. Isuzu Motors Am., LCC, 727 F. Supp. 2d 1117, 1123 (D.N.M. 2009)(Browning, J.)(citing Montano v. Allstate Indem. Co., 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. 2000)(unpublished opinion)[1]). That burden is heavy: a party claiming fraudulent joinder must establish it "with complete certainty upon undisputed evidence." Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967). "Merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice; the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." Chesapeake & O.R. Co. v. Cockrell, 232 U.S. 146, 152 (1914). To prove fraudulent joinder, Defendants have the burden of demonstrating that "'there is no possibility of recovery by the plaintiff against an in-state defendant, . . . stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" Zufelt v. Isuzu Motors Am., L.C.C., 727 F. Supp. 2d at 1124 (quoting Smallwood v. Ill. Cent. R.R. Co., 384 F.3d 568, 573 (5th Cir. 2004)). If any claim against Gee is "'possibly viable,'" then Gee's joinder is not fraudulent. Zufelt v. Isuzu Motors Am., L.C.C., 727 F. Supp. 2d at 1128 (quoting Montano v. Allstate Indem. Co., 2000 WL 525592, at *2). Cintas Corporation has not met this burden.

---

[1] Montano v. Allstate Indem. Co. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Montano v. Allstate Indem. Co. has persuasive value with respect to a material issue, and will assist the Court in its disposition of this memorandum opinion and order.

**IT IS ORDERED** that Defendant Cintas' Objection to the Proposed Findings and Disposition in Memorandum Opinion Granting Plaintiff Leave to Amend Complaint, filed November 11, 2012 (Doc. 50), is overruled.  Given that there is no dispute that the newly added defendant and the plaintiff are non-diverse, this case shall be remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jared M. Barliant
Santa Fe, New Mexico

 *Attorney for the Plainitff*

Ada B. Priest
Justin D. Goodman
Madison & Mroz, PA
Albuquerque, New Mexico

 *Attorneys for Defendant Albertson, LLC and Donald Gee*

Kendrick W. Dane
Susan Little & Associates
Albuquerque, New Mexico

 *Attorneys for Defendant Albertson, LLC*

Lance Dean Richards
Justin L. Robbs
Civerolo, Gralow, Hill & Curtis, P.A.
Albuquerque, New Mexico

 *Attorneys for Defendant Cintas, Corporation*